**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| VERA NEUMANN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 1:26-cv-01059-PAE |
| v. | ) | |
| | ) | |
| F. SCHUMACHER & CO., LLC and<br>F. SCHUMACHER & CO., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' ANSWER, DEFENSES, AND**
**AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendants, F. Schumacher & Co., LLC and F. Schumacher & Co., (collectively, "Defendants" or "Schumacher"), by and through their undersigned counsel, hereby timely submit the following Answer, Defenses, and Affirmative Defense to the February 6, 2026, Complaint (Dkt. No. 1) of Plaintiff Vera Neumann, Inc. ("Plaintiff") in the above-captioned action. Defendants respond to the allegations in the Complaint based on knowledge of their own actions, and on information and belief as to all other matters. The subheadings and numbered paragraphs below are for convenience-purposes only and correspond to the subheadings and numbered paragraphs in the Complaint.

**Nature of the Action**

1. Defendants admit that Plaintiff seeks relief in the Complaint for, *inter alia*, alleged copyright infringement, removal and falsification of copyright management information, unfair competition, misrepresentation, breach of contract, and related violations of federal and New York law. However, to the extent the allegations in Paragraph 1 of the Complaint suggest or imply that Defendants have engaged in any unlawful conduct, denied. Otherwise, denied.

2. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 2 of the Complaint and, therefore, deny the same.

3. Defendants admit the allegations in the first sentence of Paragraph 3 of the Complaint. Defendants deny the allegations in the second sentence of Paragraph 3 of the Complaint.

4. Defendants admit the allegations in the first sentence of Paragraph 4 of the Complaint. Defendants deny the allegations in the second sentence of Paragraph 4 of the Complaint. Defendants lack sufficient knowledge and information to form a belief about the truth

or falsity of the allegations in the third sentence of Paragraph 4 of the Complaint and, therefore, deny the same.

**The Parties**

5. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 5 of the Complaint and, therefore, deny the same.

6. Admitted.

7. Defendants admit the allegations in Paragraph 7 of the Complaint. Defendants admit that Exhibit A to the Complaint in this lawsuit appears to be a true and correct copy of the License Agreement between VNIP Holdings LLC and F. Schumacher & Co.

**Jurisdiction and Venue**

8. Admitted.

9. To the extent the allegations in Paragraph 9 of the Complaint suggest or imply that Defendants have engaged in any unlawful conduct in this judicial district (or any other judicial district), denied; otherwise, Defendants do not contest the Court's exercise of personal jurisdiction.

10. Admitted.

11. To the extent the allegations in Paragraph 11 of the Complaint suggest or imply that Defendants have engaged in any unlawful conduct – including breaching the License Agreement – in this judicial district (or any other judicial district), denied; otherwise, Defendants do not contest the laying of venue in this judicial district.

**Factual Background**

12. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 12 of the Complaint and, therefore, deny the same.

13. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 13 of the Complaint and, therefore, deny the same.

14. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 14 of the Complaint and, therefore, deny the same.

15. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 15 of the Complaint and, therefore, deny the same.

16. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 16 of the Complaint and, therefore, deny the same.

17. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 17 of the Complaint and, therefore, deny the same.

18. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 18 of the Complaint and, therefore, deny the same.

19. Admitted.

20. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 20 of the Complaint and, therefore, deny the same.

21. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 21 of the Complaint and, therefore, deny the same.

22. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 22 of the Complaint and, therefore, deny the same.

23. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 23 of the Complaint and, therefore, deny the same.

24. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 24 of the Complaint and, therefore, deny the same.

25. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 25 of the Complaint and, therefore, deny the same.

26. Defendants lack sufficient knowledge and information to form a belief about the authenticity of the content of Exhibits B and C to the Complaint and, therefore, deny the same.

27. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 27 of the Complaint – including the authenticity of the images shown in Paragraph 27 of the Complaint – and, therefore, deny the same.

28. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 28 of the Complaint and, therefore, deny the same.

29. Admitted.

30. Defendants admit the allegations in the first sentence in Paragraph 30 of the Complaint. Defendants deny the allegations in the second sentence in Paragraph 30 of the Complaint. Defendants admit the allegations in the third sentence in Paragraph 30 of the Complaint.

31. Admitted.

32. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 32 of the Complaint and, therefore, deny the same.

33. Admitted.

34. Admitted.

35. Defendants admit only that Exhibit A, which appears to be a true and correct copy of the License Agreement, states Licensor "owns and controls all rights in and to the works identified as the 'Brand' in Schedule '1' attached hereto and made a part hereof including without limitation, all logos, likenesses, artwork, designs, names, copyrights and trademarks, and other

intellectual property rights therein and associated therewith." To the extent the remaining allegations in Paragraph 35 of the Complaint suggest or imply that Defendants breached the License Agreement or otherwise violated Plaintiff's purported rights, denied.

36. Defendants admit only that Section 6(B) of Exhibit A, which appears to be a true and correct copy of the License Agreement, states "The Licensed Products shall include the appropriate Copyright and Trademark Notices of LICENSOR as specified in Schedule '1' of this Agreement." To the extent the remaining allegations in Paragraph 36 of the Complaint suggest or imply that Defendants breached the License Agreement or otherwise violated Plaintiff's purported rights, denied.

37. Defendants admit only that Schedule 1 to Exhibit A, which appears to be a true and correct copy of the License Agreement, defines the "'Licensed Brand" as including, *inter alia*, "all logos, symbols, names, characters, concepts, designs, artwork, illustrations, and visual representations related thereto whether now existing or hereafter created or modified and all intellectual property rights therein." To the extent the remaining allegations in Paragraph 37 of the Complaint suggest or imply that Defendants breached the License Agreement or otherwise violated Plaintiff's purported rights, denied.

38. Defendants admit only that Schedule 1 to Exhibit A, which appears to be a true and correct copy of the License Agreement, defines "Licensed Products" to include "Fabric for Upholstery, Sheers, Curtains, Pillows and other uses in home interior and hospitality; Wallpaper; Trims for all uses in home interior and hospitality; Decorative Pillows." To the extent the remaining allegations in Paragraph 38 of the Complaint suggest or imply that Defendants breached the License Agreement or otherwise violated Plaintiff's purported rights, denied.

39. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 39 of the Complaint and, therefore, deny the same.

40. Defendants admit only that Exhibit A, which appears to be a true and correct copy of the License Agreement, states "the Brand and the Copyrights and Trademarks." To the extent the remaining allegations in Paragraph 40 of the Complaint suggest or imply that Defendants breached the License Agreement or otherwise violated Plaintiff's purported rights, denied.

41. Defendants admit only that Exhibit A, which appears to be a true and correct copy of the License Agreement, states "all additions…modifications or embellishments" and "at any time." To the extent the remaining allegations in Paragraph 41 of the Complaint suggest or imply that Defendants breached the License Agreement or otherwise violated Plaintiff's purported rights, denied.

42. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 42 of the Complaint and, therefore, deny the same.

43. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 43 of the Complaint and, therefore, deny the same.

44. Defendants admit only that Section 5(B) of Exhibit A, which appears to be a true and correct copy of the License Agreement, states "at any time do or suffer to be done any act or omission which may in any way impair or adversely affect." To the extent the remaining allegations in Paragraph 44 of the Complaint suggest or imply that Defendants breached the License Agreement or otherwise violated Plaintiff's purported rights, denied.

45. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 45 of the Complaint and, therefore, deny the same.

46. Defendants admit only that Section 2 of Schedule 1 to Exhibit A, which appears to be a true and correct copy of the License Agreement, states "Unless otherwise expressly approved by LICENSOR in writing, all Licensed Products as well as applicable Collateral Materials (as such term is defined in the Agreement), shall include the following Copyright and Trademark Notice: Vera is a copyright and trademark of VNIP Holding. All rights reserved." To the extent the remaining allegations in Paragraph 46 of the Complaint suggest or imply that Defendants breached the License Agreement or otherwise violated Plaintiff's purported rights, denied.

47. Defendants admit that Section 6(D) of Exhibit A, which appears to be a true and correct copy of the Licensing Agreement, defines "Collateral Materials" to include "all packaging, hang tags, labels, inserts, in-packs, promotional, advertising, press releases and marketing materials to be associated with the Licensed Products or otherwise utilizing or referring to the Brand." To the extent the remaining allegations in Paragraph 47 of the Complaint suggest or imply that Defendants breached the License Agreement or otherwise violated Plaintiff's purported rights, denied.

48. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 48 of the Complaint and, therefore, deny the same.

49. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 49 of the Complaint and, therefore, deny the same.

50. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 50 of the Complaint – including the authenticity of the images in Paragraph 50 of the Complaint – and, therefore, deny the same.

51. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 51 of the Complaint and, therefore, deny the same.

52. Defendants admit only that Section 16(C) of Exhibit A, which appears to be a true and correct copy of the License Agreement, states "LICENSEE acknowledges and agrees that a breach by LICENSEE of the terms and conditions contained herein and/or LICENSEE's failure to perform any of the material terms or conditions of this Agreement may result in immediate and irreparable damage to LICENSOR and the Brand." To the extent the remaining allegations in Paragraph 52 of the Complaint suggest or imply that Defendants breached the License Agreement or otherwise violated Plaintiff's purported rights, denied.

53. Denied.

54. Denied.

55. Defendants admit the allegations in the first sentence of Paragraph 55 of the Complaint. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in the second Paragraph 55 of the Complaint and, therefore, deny the same. Defendants deny the allegations in the third sentence of Paragraph 55 of the Complaint.

56. Defendants admit only that the License Agreement states "impair or adversely affect." To the extent the remaining allegations in Paragraph 56 of the Complaint suggest or imply that Defendants breached the License Agreement or otherwise violated Plaintiff's purported rights, denied.

57. Denied.

58. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 58 of the Complaint and, therefore, deny the same.

59. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 59 of the Complaint and, therefore, deny the same.

60. Denied.

61. Denied.

62. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 62 of the Complaint and, therefore, deny the same.

63. Denied.

64. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in the first sentence of Paragraph 64 of the Complaint and, therefore, deny the same. Defendants deny the allegations in the second sentence of Paragraph 64 of the Complaint.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 69 of the Complaint and, therefore, deny the same.

70. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 70 of the Complaint – including the authenticity of the images in Paragraph 70 of the Complaint – and, therefore, deny the same.

71. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 71 of the Complaint and, therefore, deny the same.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 77 of the Complaint and, therefore, deny the same; however, to the extent the allegations in Paragraph 77 of the Complaint suggest or imply that Defendants have breached the License Agreement, denied. Otherwise, denied.

78. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 78 of the Complaint and, therefore, deny the same; however, to the extent the allegations in Paragraph 78 of the Complaint suggest or imply that Defendants have breached the License Agreement, denied. Otherwise, denied.

79. Denied.

## Count I

## Copyright Infringement – VNI Design 57101
## Violation of Copyright Act, 17 U.S.C. §§ 101 et seq.

80. Defendants incorporate their responses to the allegations in Paragraphs 1-79 of the Complaint as though set forth fully herein.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 87 of the Complaint and, therefore, deny the same.

88. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 88 of the Complaint and, therefore, deny the same.

89. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 89 of the Complaint and, therefore, deny the same.

90. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 90 of the Complaint and, therefore, deny the same.

## Count II

## Violation of 17 U.S.C. §§ 1202(a) and 1202(b)
## Copyright Management Information ("CMI")

91. Defendants incorporate their responses to the allegations in Paragraphs 1-90 of the Complaint as though set forth fully herein.

92. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 92 of the Complaint and, therefore, deny the same.

93. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 93 of the Complaint and, therefore, deny the same.

94. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 94 of the Complaint and, therefore, deny the same.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 99 of the Complaint and, therefore, deny the same.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

## Count III

## Breach of Contract

108. Defendants incorporate their responses to the allegations in Paragraphs 1-107 of the Complaint as though set forth fully herein.

109. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 109 of the Complaint and, therefore, deny the same.

110. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 110 of the Complaint and, therefore, deny the same.

111. Denied.

112. Denied.

113. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 113 of the Complaint and, therefore, deny the same.

114. Denied.

**Count IV**

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

115. Defendants incorporate their responses to the allegations in Paragraphs 1-114 of the Complaint as though set forth fully herein.

116. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 116 of the Complaint and, therefore, deny the same.

117. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 117 of the Complaint and, therefore, deny the same.

118. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 118 of the Complaint and, therefore, deny the same.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

**Count V**

**Fraudulent Inducement**

125. Defendants incorporate their responses to the allegations in Paragraphs 1-124 of the Complaint as though fully set forth herein.

126. Denied.

127. Denied.

128. Denied.

129. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 129 of the Complaint and, therefore, deny the same.

130. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 130 of the Complaint and, therefore, deny the same.

131. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 131 of the Complaint and, therefore, deny the same.

132. Denied.

## Count VI

## Negligent Misrepresentation

133. Defendants incorporate their responses to the allegations in Paragraphs 1-132 of the Complaint as though fully set forth herein.

134. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 134 of the Complaint and, therefore, deny the same.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 139 of the Complaint and, therefore, deny the same.

140. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 140 of the Complaint and, therefore, deny the same.

141. Denied.

**Count VII**

**Unjust Enrichment**

142. Defendants incorporate their responses to the allegations in Paragraphs 1-141 of the Complaint as though fully set forth herein.

143. Denied.

144. Denied.

145. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 145 of the Complaint and, therefore, deny the same.

146. Defendants lack sufficient knowledge and information to form a belief about the truth or falsity of the allegations in Paragraph 146 of the Complaint and, therefore, deny the same.

147. Denied.

**Count VIII**

**Unfair Competition under New York Common Law**

148. Defendants incorporate their responses to the allegations in Paragraphs 1-147 of the Complaint as though fully set forth herein.

149. Denied.

**DEFENDANTS' DEFENSES AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

As and for Defendants' Defenses and Affirmative Defenses to the Complaint, Defendants hereby assert as follows:

First Defense

Each count of the Complaint fails to state a claim against Defendants upon which this Court could grant Plaintiff any relief.

Second Defense

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, because the parties' course of performance and course of dealing demonstrates that Plaintiff's founder created the designs-at-issue in this lawsuit for Defendants. Accordingly, Defendants owned—and own—all rights in and to the designs-at-issue in this lawsuit and, thus, did not need—and do not need—Plaintiff's permission to sell or distribute products incorporating the designs-at-issue in this lawsuit. For example, Susan Seid previously owned Plaintiff. On August 9, 2018, Ms. Seid emailed Defendants' representatives and stated, in pertinent part: "The reason that I am reaching out to you is exciting news that The Museum of Art and Design based in New York is mounting an exhibit of Vera Neumann next May 2019. Elissa Auther is the curator and is interested in including some of the designs that Vera did for F. Schumacher." On August 13, 2018, Ms. Auther emailed Defendants' representatives and stated, in pertinent part: "I'm curating an exhibition of Vera Neumann's work as a textile designer at the Museum of Arts and Design, and I am very keen on including information about and swatches of the patterns she created for F. Schumacher & Co. I'm specifically interested in exhibiting *Papaya, Tibet* (1947), *Happy Leaves* (1950), *Jack-in-the Pulpit* (1951), and/or *Birches* (1979). They're all terrific!" (emphasis in original). On information and belief, these emails confirm that Plaintiff's founder created the designs-at-issue in this lawsuit (including, without limitation, the *Birches* design) for Defendants and with the intent that Defendants own all rights in and to those designs. As another example of Defendants' ownership of the designs-at-issue in this lawsuit, Defendants own U.S. Copyright Registration VA-1-973-558 for the *Birches* design.

Third Defense

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, based on the applicable statutes of limitation. For example, Defendants have sold and distributed products incorporating the designs-at-issue in this lawsuit since the 1940s. Assuming *arguendo* that Defendants did not own the designs-at-issue in this lawsuit, Plaintiff's demand for royalties on Defendants' sales of products incorporating the designs-at-issue in this lawsuit comes *decades* after such sales occurred and, thus, is untimely under the applicable statutes of limitation in this lawsuit.

Fourth Defense

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, based on the doctrines of waiver, laches, acquiescence, and/or estoppel. For example, Defendants have sold and distributed products incorporating the designs-at-issue in this lawsuit since the 1940s. Other than Licensed Products under the License Agreement attached to the Complaint in this lawsuit as Exhibit A, Plaintiff's prior owners did not request royalties from Defendants on sales of Defendants' products incorporating the designs-at-issue in this lawsuit. Defendants reasonably relied on Plaintiff's prior owners' failure to request royalties and reasonably interpreted that silence to indicate that Defendants did not owe royalties to Plaintiff on sales of Defendants' products incorporating the designs-at-issue in this lawsuit.

Fifth Defense

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, because Defendants complied with their obligations under the License Agreement attached to the Complaint in this lawsuit as Exhibit A. For example, Defendants paid to Plaintiff any and all royalties that were owed on Licensed Products.

Sixth Defense

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, because none of Defendants' conduct complained of in the Complaint has directly and/or proximately caused Plaintiff to suffer any damages. For example, other than Licensed Products (which Defendants paid to Plaintiff), Defendants did not owe royalties to Plaintiff on sales of Defendants' products incorporating the designs-at-issue in this lawsuit because Defendants owned—and own—those designs. As another example, Defendants paid to Plaintiff any and all royalties that were owed on Licensed Products under the License Agreement attached to the Complaint in this lawsuit as Exhibit A.

**WHEREFORE**, based on the foregoing, Defendants hereby pray that this Court:

A. Deny Plaintiff all of the relief requested in the Complaint;

B. Rule that Defendants are the prevailing parties in this lawsuit, including for purposes of 17 U.S.C. § 505;

C. Award to Defendants their reasonable attorneys' fees and costs, including under 17 U.S.C. § 505; and

D. Award to Defendants any further relief that this Court deems to be just and equitable.

**JURY DEMAND**

Defendants request a trial by jury for all issues so triable pursuant to FED R. CIV. P. 38(b) and 38(c).

Dated: April 13, 2026
New York, New York

Respectfully submitted,

*/s/ Jonathan W. Thomas*
Jonathan W. Thomas
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9219
jonathan.thomas@gtlaw.com

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I, Jonathan W. Thomas, hereby certify that, on April 13, 2026, I served a true and correct copy of this document on all counsel of record by filing it with this Court's EM/ECF system.

*/s/ Jonathan W. Thomas*
Jonathan W. Thomas

*Attorney for Defendants*