**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VERA NEUMANN, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>F. SCHUMACHER & CO., LLC *et al.*,<br><br>*Defendants*. | **Case No. 1:26-cv-01059-PAE**<br><br>**STIPULATION AND PROTECTIVE ORDER** |

WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties anticipate that discovery may include nonpublic commercial, financial, creative, ownership, licensing, customer, vendor, marketing, sales, distribution, damages, and expert-related material, as well as other confidential or competitively sensitive information; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

**IT IS HEREBY ORDERED** that any person subject to this Stipulation and Protective Order (this "Protective Order"), including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order, shall adhere to the following terms:

**1. Discovery Material Covered by this Order.** Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Protective Order shall not disclose such material to anyone except as expressly permitted herein. Discovery Material so designated is also referred to herein as "Protected Material." As used in this Protective Order, "Discovery Material" means information of any kind produced, disclosed, provided, or generated pursuant to and in the course of discovery in this action, including documents, electronically stored information ("ESI"), tangible

things, deposition testimony, interrogatory answers, responses to requests for admission, expert materials, and copies, extracts, summaries, or descriptions thereof.

**2. Permitted Designations.** The person producing any given Discovery Material or that person's counsel may designate such material, in whole or in part, as set forth below, provided counsel determines reasonably and in good faith that the designation is necessary and appropriate.

a) **Confidential.** Discovery Material may be designated "Confidential" if counsel reasonably and in good faith determines that the material contains or reflects nonpublic information that is proprietary, commercially sensitive, personal or private information concerning any individual, or information subject to a contractual or other duty of confidentiality owed to a third party.

b) **Highly Confidential – Attorneys' Eyes Only.** Discovery Material may be designated "Highly Confidential – Attorneys' Eyes Only" only if counsel reasonably and in good faith determines that the material contains or reflects extremely sensitive nonpublic information, the disclosure of which to a Party, Party representative, business principal, employee, officer, director, member, partner, or other non-attorney business personnel is likely to cause material competitive, commercial, business, or privacy harm that could not reasonably be avoided by a less restrictive designation. The parties agree that examples of such Discovery Material may include: trade secrets; confidential business or financial information; and confidential licensing or contractual information. The "Highly Confidential – Attorneys' Eyes Only" designation shall be used narrowly and only for material that genuinely requires protection from Party-side access. Discovery Material shall not be designated "Highly Confidential – Attorneys' Eyes Only" merely because it is unfavorable, relevant to damages, commercially embarrassing, or generally nonpublic.

**3. Manner of Designation for Documents and ESI.** With respect to the protected portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking the protected portion with the applicable designation in a manner that will not interfere with legibility. For ESI produced in native format, or for material not reasonably susceptible to page-by-page marking, the producing person may designate the material by using the applicable designation in the file name, on a slip sheet, in a production cover letter, in load-file metadata, in a transmittal email, or by other reasonable means identifying the material so designated.

**4. Deposition Testimony and Exhibits.** With respect to deposition transcripts and exhibits, a producing person, Party, or counsel may designate testimony or exhibits as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" either by: (a) indicating on the record during the deposition that testimony or exhibits are subject to a particular designation, in which case the reporter shall mark the designated testimony or exhibit accordingly; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Pending expiration of this 30-day period, the entire deposition transcript shall be treated as

"Confidential," unless counsel for a party specifically designates the transcript be treated as "Highly Confidential – Attorneys' Eyes Only" at the deposition.

**5. Inadvertent Failure to Designate.** If at any time before trial, a producing person realizes that Discovery Material previously produced without limitation, or with a lower designation, should have been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the producing person may so designate the material by notifying all prior recipients in writing. Thereafter, the designated material shall be treated in accordance with the corrected designation. A receiving person shall make reasonable efforts to retrieve or secure any previously disclosed material that is subject to a corrected designation and shall not be deemed to have violated this Protective Order for disclosures made before receiving notice of the corrected designation.

**6. Disclosure of Confidential Discovery Material.** No person subject to this Protective Order other than the producing person shall disclose Discovery Material designated "Confidential" to any other person except to:

a) the Parties to this action, their insurers, and counsel to their insurers, provided that disclosure is reasonably necessary for the prosecution, defense, mediation, settlement, or appeal of this action;

b) counsel for the Parties, including in-house counsel, and any paralegal, clerical, litigation-support, or other assistant employed by such counsel and assigned to this matter;

c) outside vendors or service providers retained by counsel and assigned to this matter, including copy-service providers, document-management vendors, e-discovery vendors, hosting vendors, graphics consultants, trial consultants, jury consultants, litigation-support personnel, translators, and computer-service personnel performing duties in relation to this action;

d) any mediator, arbitrator, settlement officer, or neutral engaged by the Parties or appointed by the Court in this matter, provided such person has first executed an Agreement to Protective Order in the form annexed as Exhibit A;

e) as to any document or information, its author, its addressee, any person indicated on the face of the document as having received a copy, and any person who otherwise had lawful access to or knowledge of the information before this action;

f) any witness whom counsel for a Party in good faith believes may be called to testify at trial, hearing, or deposition in this action, or whose review of the material is reasonably necessary for the prosecution or defense of this action, provided such person has first executed an Agreement to Protective Order in the form annexed as Exhibit A, except that no such agreement is required for an author, addressee, recipient, or person who otherwise had lawful access to or knowledge of the information;

g) any person retained by a Party or its counsel as an independent consultant or expert to assist in the prosecution or defense of this action, including survey experts, damages experts, accounting experts, licensing experts, trademark experts, copyright experts, marketing

experts, industry experts, design experts, technical experts, and the employees or support staff of such consultant or expert, to the extent deemed reasonably necessary by counsel, provided such person has first executed an Agreement to Protective Order in the form annexed as Exhibit A;

h) stenographers, court reporters, videographers, and interpreters engaged to transcribe, record, or assist with depositions, hearings, or other proceedings in this action; and

i) this Court, including any appellate court, and the court reporters, clerks, law clerks, and support personnel for the same.

**7. Disclosure of Highly Confidential – Attorneys' Eyes Only Discovery Material.** No person subject to this Protective Order other than the producing person shall disclose Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" to any other person except to:

a) outside counsel of record for the Parties, and any paralegal, clerical, litigation-support, or other assistant employed by such counsel and assigned to this matter;

b) outside vendors or service providers retained by counsel and assigned to this matter, including copy-service providers, document-management vendors, e-discovery vendors, hosting vendors, graphics consultants, trial consultants, jury consultants, litigation-support personnel, translators, and computer-service personnel performing duties in relation to this action, provided such persons have executed an Agreement to Protective Order in the form annexed as Exhibit A;

c) any mediator, arbitrator, settlement officer, or neutral engaged by the Parties or appointed by the Court in this matter, provided such person has first executed an Agreement to Protective Order in the form annexed as Exhibit A;

d) as to any document or information, its author, its addressee, any person indicated on the face of the document as having received a copy, and any person who otherwise had lawful access to or knowledge of the information before this action;

e) any person retained by a Party or its counsel as an independent consultant or expert to assist in the prosecution or defense of this action, including survey experts, damages experts, accounting experts, licensing experts, trademark experts, copyright experts, marketing experts, industry experts, design experts, technical experts, and the employees or support staff of such consultant or expert, to the extent deemed reasonably necessary by counsel, provided such person has first executed an Agreement to Protective Order in the form annexed as Exhibit A;

f) any witness whom counsel for a Party in good faith believes may be called to testify at trial, hearing, or deposition in this action, provided such witness is an author, addressee, recipient, or person who otherwise had lawful access to or knowledge of the information;

g) stenographers, court reporters, videographers, and interpreters engaged to transcribe, record, or assist with depositions, hearings, or other proceedings in this action;

h) this Court, including any appellate court, and the court reporters, clerks, law clerks, and support personnel for the same; and

i) any other person that the Parties agree in writing may view and access the Discovery Material.

Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" shall not be disclosed to any Party, Party representative, business principal, officer, director, member, partner, employee, in-house counsel, insurer representative, or other business-side representative unless the producing person agrees in writing or the Court orders otherwise. Nothing in this paragraph prevents outside counsel from advising a Party based on counsel's review and evaluation of material designated "Highly Confidential – Attorneys' Eyes Only," provided that counsel does not disclose the substance of such material in a manner that would reveal the protected information.

**8. Experts and Consultants.** Before receiving Discovery Material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," any independent expert or consultant shall execute the Agreement to Protective Order attached as Exhibit A. Counsel retaining the expert or consultant shall maintain the executed Agreement to Protective Order and need not disclose it to any other Party absent agreement or Court order. No expert or consultant may receive material designated "Highly Confidential – Attorneys' Eyes Only" if that person is a current officer, director, employee, or business principal of a Party or of a direct competitor of a Party, or if that person is currently engaged in competitive decision-making for a Party or a direct competitor of a Party. For purposes of this Order, "competitive decision-making" means advising on or participating in decisions concerning pricing, product design, product development, sourcing, manufacturing, sales, marketing, licensing, acquisition, enforcement, or business strategy in a manner that creates a material risk that the person's use or knowledge of Highly Confidential – Attorneys' Eyes Only material could cause competitive harm.

**9. Challenges to Designations.** Any Party who objects to any designation of confidentiality may at any time before trial serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. The Parties shall meet and confer promptly and in good faith in an effort to resolve the dispute. If the Parties cannot reach agreement promptly, counsel for the Parties shall address their dispute to the Court in accordance with the Court's Individual Rules and Practices. The designating person bears the burden of establishing that the challenged designation is proper under Federal Rule of Civil Procedure 26(c). Until the Court rules or the Parties agree otherwise, the challenged material shall continue to be treated in accordance with its existing designation.

**10. Use Limitation.** Recipients of Discovery Material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" may use such material solely for the prosecution, defense, mediation, settlement, appeal, or attempted resolution of this action, and may not use such material for any business, commercial, competitive, personal, or other non-litigation purpose. Nothing contained in this Protective Order will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through discovery in this action.

**11. Subpoenas or Other Compulsory Process.** Nothing in this Protective Order will prevent any person subject to it from producing Discovery Material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in response to a lawful subpoena, court order, compulsory process, or demand by a government agency having jurisdiction, provided that the person receiving such request shall, unless prohibited by law, give written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or demand if the producing person deems it appropriate to do so.

**12. Filing Protected Material.** This Protective Order does not authorize the filing of Protected Material under seal. Any Party seeking to file redacted documents or documents under seal shall comply with the Federal Rules of Civil Procedure, the Local Rules and standing orders of the United States District Court for the Southern District of New York, and the Individual Rules and Practices of Judge Engelmayer. The Parties shall use their best efforts to minimize sealing.

**13. Redacted Public Filings.** Any Party filing a motion or other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the material that the filing Party contends should remain under seal and not text that in no material way reveals the Protected Material.

**14. Security of Protected Material.** Each person who has access to Discovery Material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of such material.

**15. Inadvertent Production; Federal Rule of Evidence 502(d).** The inadvertent production of material subject to the attorney-client privilege, work-product protection, common-interest doctrine, or any other privilege or protection shall not constitute a waiver in this action or in any other federal or state proceeding. This paragraph is intended to provide the maximum protection permitted by Federal Rule of Evidence 502(d).

If a producing person notifies a receiving person that privileged or otherwise protected material has been produced, the receiving person shall promptly sequester, return, or destroy the specified material and any copies, and shall not use or disclose the material unless and until the claim of privilege or protection is resolved. The receiving person may challenge the claim of privilege or protection, but may not argue that the production itself waived the privilege or protection.

If any receiving person determines that material produced by another person appears on its face to be privileged, the receiving person shall promptly notify the producing person and shall sequester the material pending confirmation from the producing person. Nothing in this paragraph prevents a receiving person from challenging the producing person's claim of privilege or other protection in accordance with applicable rules and procedures.

**16. Non-Party Discovery.** A non-party producing Discovery Material in this action may designate material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under this Protective Order. A Party serving a subpoena or discovery request on a non-party shall

provide a copy of this Protective Order with the subpoena or request, or as soon as practicable thereafter. A non-party shall have the right under this Protective Order to challenge and enforce protections for Discovery Material produced pursuant to the provisions of ¶ 9.

**17. Use in Depositions, Hearings, and Other Proceedings.** Whenever Discovery Material bearing a designation under this Protective Order is to be discussed or disclosed at a deposition, hearing, or other proceeding, the designating person may request that persons not authorized to receive the material under this Protective Order be excluded for that portion of the proceeding. Use of designated Discovery Material at a deposition, hearing, or other proceeding shall not waive the designation. The use of designated Discovery Material at trial shall be addressed by separate order or by the procedures set by the presiding Judge.

**18. No Admission; No Waiver.** Nothing in this Protective Order constitutes an admission by any Party that any Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is relevant, discoverable, confidential, proprietary, a trade secret, privileged, protected, or admissible. Nothing in this Protective Order waives any objection to discovery, production, relevance, admissibility, privilege, protection, confidentiality, or any other objection otherwise available.

**19. Modification.** This Protective Order may be modified by the Court on its own motion or on motion of any Party or other person with standing concerning the subject matter. Nothing shall prevent disclosure beyond the terms of this Protective Order if the producing person consents in writing or if the Court, after notice to affected persons, permits such disclosure.

**20. Return or Destruction After Final Disposition.** This Protective Order shall survive the termination of this litigation. Within 30 days after final disposition of this action, including all appeals, Discovery Material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and all copies thereof, and further including Discovery Material incorporated into other work product, shall be either destroyed or promptly returned to the producing person. Notwithstanding the foregoing, outside counsel may retain archival copies of pleadings, motion papers, court filings, correspondence, attorney work product, deposition transcripts, hearing transcripts, trial transcripts, expert reports, exhibits, and materials reasonably necessary to preserve a litigation file, even if such materials contain or reflect Discovery Material designated under this Protective Order. Any testifying expert may retain a copy of their expert report and exhibits attached thereto for archival purposes, provided that all Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" shall be redacted from such archival copy of the expert report. Any retained material shall remain subject to this Protective Order.

**21. Contempt and Continuing Jurisdiction.** All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

PRACTUS LLP

*/s/ Matthew McFarlane*
Matthew McFarlane
1014 W 36 St., Ste. 103
Baltimore, MD 21211
(410) 657-8633
matthew.mcfarlane@practus.com

*Attorneys for Plaintiff*

GREENBERG TRAURIG

*/s/ Jonathan W. Thomas*
Jonathan W. Thomas
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9219
jonathan.thomas@gtlaw.com

*Attorneys for Defendants*

IT IS SO ORDERED.

Dated: August 24, 2026
New York, New York

Paul A. Engelmayer
Paul A. Engelmayer
United States District Judge

Case 1:26-cv-01059-PAE Document 22 Filed 08/24/26 Page 9 of 9

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

VERA NEUMANN, INC.,

*Plaintiff*,

v.

F. SCHUMACHER & CO., LLC *et al.*,

*Defendants*.

**Case No. 1:26-cv-01059-PAE**

**AGREEMENT TO PROTECTIVE ORDER**

I, ____________________________________, acknowledge that I have read and understand the Stipulation and Protective Order in this action governing the non-disclosure of Discovery Material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

I agree that I will not disclose such Discovery Material to any other person except as permitted by the Protective Order. I agree that I will not use such Discovery Material for any purpose other than this litigation. I agree that, at the conclusion of the litigation, I will either destroy or return all protected discovery material to the Party or attorney from whom I received it.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for purposes of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ______________________

Signature: _____________________________

Printed Name: __________________________

Company: _____________________________

Title: _________________________________

Email: ________________________________